﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 190319-4300
DATE: July 31, 2020

REMANDED

The issue of entitlement to service connection for chronic obstructive pulmonary disease (COPD) is remanded.

REASONS FOR REMAND

The Veteran served on active duty from December 1976 to April 1978, from October 1986 to March 1987, and from May 1987 to July 1993. The Veteran’s service included service in Southwest Asia from February 1991 to July 1991. See DD-214.

A rating decision was issued under the legacy system in August 2018. In November 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the supplemental claim lane. The agency of original jurisdiction (AOJ) issued a RAMP supplemental claim decision in March 2019. The Veteran filed a VA Form 10182 in March 2019, requesting Board review with a hearing.

In July 2020, the Veteran testified under oath before the undersigned Veterans Law Judge at videoconference conference hearing. At the hearing, the Veteran indicated that he is waiving any outstanding requests for documents. Further, the Board notes that the Veteran has waived the 90-day evidentiary period, so the Board may proceed with the following remand. See VA Form 21-4138, July 2020.

Entitlement to service connection for COPD.

Prior to the March 2019 rating decision on appeal, the Veteran indicated that he was in the process of filing for benefits from the Social Security Administration (SSA). See VA treatment records, December 2016. A remand is required to allow VA to obtain these records. In addition, a VA treatment facility was identified in a November 1981 record. However, it does not appear that records from this facility have been associated with the claim file. Upon remand, these outstanding records should be associated with the claim file, if possible.

Further, the Board finds that a new opinion is needed. The Board acknowledges the February 2019 VA opinion, but it did not address the Veteran’s contentions of asbestos exposure. See Veteran’s statements, January 2018. In addition, given the missing records identified, a new opinion is needed that is based on a complete record.

Accordingly, the matter is REMANDED for the following action:

1. After securing any necessary consent forms from the Veteran, obtain the following outstanding records: (a) records from the SSA pertaining to any application or award of disability benefits to the Veteran; and (b) records from the VA facility identified in November 1981. In addition, conduct any necessary development regarding the Veteran’s contentions of asbestos exposure. See Veteran’s statements, January 2018.

All efforts should be documented in the claim file. If any records could not be obtained, this should be noted in the claim file.

2. Upon completion of the above, schedule the Veteran for a VA examination (or telehealth interview, review of the record, etc., if an in-person examination is not feasible) to address the etiology of any diagnosed disability(ies). In particular, the examiner is asked to examine and evaluate the Veteran for any chronic disability pattern. The examiner is asked to provide a medical statement explaining whether the Veteran’s disability pattern is: (a) an undiagnosed illness; (b) a diagnosable, but medically unexplained chronic multisymptom illness, such as chronic fatigue syndrome, fibromyalgia, or functional gastrointestinal disorders; (c) a diagnosable chronic multisymptom illness with a partially explained etiology; or (d) a disease/disability with a clear and specific etiology and diagnosis.

Then the examiner should provide a medical opinion as to whether it is at least as likely as not that the disability pattern or diagnosed disability is related to the Veteran’s service, to include service in Southwest Asia.

In addition, the examiner is asked to address the Veteran’s contentions regarding asbestos exposure.

 (Continued on next page)

 

The VA examiner should be given access to the claim file. The examiner should state that a review of the claim file was completed. The examiner must provide a comprehensive report including complete rationales for all opinions and conclusions reached, citing the objective medical findings leading to the conclusions. A detailed rationale is requested for all opinions provided.

 

 

E. I. VELEZ

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Foster, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.